UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTATE OF PETER HECKER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROBINSON HELICOPTER CO., et al.,<br><br>　　　　　　Defendants. | NO: 13-CV-0306-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 7). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

BACKGROUND

Plaintiff, the Estate of Peter Hecker ("Plaintiff"), filed this action in Spokane County Superior Court, asserting state law claims for wrongful death, negligence, and products liability arising from a fatal helicopter crash. Defendant Avco Corp., d/b/a Lycoming Engines ("Lycoming") timely removed the case to this Court

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

pursuant to 28 U.S.C. § 1442(a)(1).  ECF No. 1.  Plaintiff subsequently moved to remand the case for lack of subject-matter jurisdiction.  ECF No. 7.  As discussed below, the Court concludes that Lycoming has failed to satisfy two prerequisites for federal officer removal under § 1442(a)(1).  Accordingly, the case will be remanded to Spokane County Superior Court for all further proceedings.

## FACTS

Peter Hecker was killed in a helicopter crash near Felts Field on June 2, 2010.  At the time of the accident, Mr. Hecker was a student pilot flying under the supervision of Defendant Inland Helicopters, Inc. ("Inland Helicopters").  Mr. Hecker was flying a Robinson R-22 Beta helicopter manufactured by Defendant Robinson Helicopter Co. ("Robinson").  The helicopter was outfitted with an engine manufactured by Lycoming.

According to an investigation performed by the National Transportation Safety Board, the crash occurred when the helicopter's main rotor "diverged" from its normal track and struck the aircraft's tail section.  Plaintiff alleges that this malfunction was caused primarily by negligent design and/or construction of the helicopter by Robinson.  Plaintiff further asserts that Inland Helicopter was negligent in allowing Mr. Hecker to fly the aircraft in challenging meteorological conditions, which conditions may have "induced" the main rotor divergence.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2

Finally, Plaintiff alleges that a malfunctioning carburetor installed in the engine manufactured by Lycoming may have been a "contributing cause" of the accident.

DISCUSSION

Lycoming removed this case from Spokane County Superior Court pursuant to 28 U.S.C. § 1442(a)(1), the so-called federal officer removal statute. Section 1442(a)(1) allows for removal of any case filed in state court against:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). A defendant removing a case under this section must demonstrate (1) an action under the direction or authority of a federal agency or officer; (2) a causal connection between that action and the plaintiff's claims; (3) the existence of a colorable federal defense; and (4) that it qualifies as a "person" within the meaning of the statute. *Jefferson Cnty. v. Acker*, 527 U.S. 423, 430-31 (1999); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). Unlike other federal removal statutes, § 1442(a) must be construed "broadly in favor of removal." *Durham*, 445 F.3d at 1252.

Lycoming asserts that removal is proper under § 1442(a)(1) because it "acted as a delegate of the [Federal Aviation Administration ("FAA")] and under the FAA's 'direction and control' in the alleged design, manufacture, certification

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 3

and monitoring of the ongoing airworthiness" of its aircraft engines. ECF No. 1 at 8. Because it was "standing in the shoes of the FAA" when it committed the alleged torts, Lycoming contends, federal officer removal is appropriate. ECF No. 1 at 12; *see also* ECF No. 8 at 1 ("Plaintiff's allegations regarding failure to disclose, failure to warn, misrepresentation, concealment, nondisclosure and failure to issue service information as to the subject engine question Lycoming's obligations on behalf of the FAA to monitor, investigate, evaluate and report any suspected unsafe condition or noncompliance with airworthiness requirements.").

      Plaintiff has moved to remand the case on three separate grounds. First, Plaintiff argues that Lycoming did not undertake any action pursuant to a federal agency directive. As a threshold matter, Lycoming has conceded that it did not obtain Organization Designation Authorization ("ODA") status until 2009—some eight years after the subject engine was manufactured. ECF No. 8 at 8. As a result, Lycoming's assertions that it designs, manufactures and certifies aircraft engines under the FAA's authority has no bearing on whether this case was properly removed. On the facts of this case, Lycoming's only potentially viable theory of removal is that it had a "continuing obligation[] to monitor, investigate, evaluate and report on any suspected unsafe condition or noncompliance with airworthiness requirements in any product or part that it previously certified for airworthiness." ECF No. 8 at 8.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 4

The Court finds that Lycoming has satisfied the first requirement for federal officer removal. Lycoming's ODA authorizes it to "perform as a Representative of the Administrator" for purposes of conducting airworthiness approvals and performing other enumerated functions. ECF No. 1, Ex. A. This is an express delegation of authority pursuant to 49 U.S.C. § 44702(d)(1), which confers federal officer status as to any acts undertaken pursuant to that authority. *See Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1428 (11th Cir. 1996) (upholding removal under § 1442(a)(1) by engine manufacturer which had been delegated authority by the FAA to certify engines as airworthy and safe for installation); *see also Weidler v. Prof'l Aircraft Maint.*, 2011 WL 2020654 at *2 (C.D. Cal. 2011) (unpublished) (federal officer removal properly invoked by company which had been delegated authority by the FAA to certify the airworthiness of aircraft components); *Scrogin v. Rolls-Royce Corp.*, 2010 WL 3547706 at *5 (D. Conn. 2010) (unpublished) (same). By virtue of its ODA status, Lycoming must monitor, investigate and report any problems associated with parts for which it holds a certificate of approval. 14 C.F.R. § 183.63(a)-(c). This obligation extends to the engine on the subject helicopter, despite the fact that the engine was certified by a different entity. Thus, the first requirement for federal officer removal has been satisfied.

Next, Plaintiff asserts that Lycoming cannot satisfy the second requirement for federal officer removal: "a causal connection between the charged conduct and

[the] asserted official authority." *Acker*, 527 U.S. at 431 (quotation and citations omitted). ECF No. 7 at 6-9. The Complaint alleges that a faulty carburetor manufactured by Lycoming may have been a "contributing cause" of the accident, as the subject carburetor and similar models "have a known history of fuel metering problems, due to a number of different causes, that can affect the delivery of fuel and seriously affect the performance of the engine." ECF No. 2, Ex. A, at ¶¶ 8.3, 8.5. The Complaint asserts causes of action for strict liability, negligence, breach of express and implied warranties, failure to warn, failure to properly instruct as to use, misrepresentation, concealment, nondisclosure, and negligent and defective design, assembly and manufacture. ECF No. 2, Ex. A, ¶ 8.6.

According to Lycoming, these allegations implicate its obligations as an ODA holder to monitor the ongoing airworthiness of the subject engine and to correct or warn of any unsafe conditions pursuant to 14 C.F.R. § 183.63. ECF No. 8 at 3, 8. This assertion misconstrues the basis of Plaintiff's claims. Plaintiff has not sued Lycoming for failure to meet its obligations as an ODA holder under federal law. Instead, Plaintiff has asserted state law negligence and products liability claims—claims which do not arise from Lycoming's status as an ODA holder. Indeed, these claims would be equally viable had Lycoming never been granted ODA status. *Cf. Magnin*, 91 F.3d at 1429 (finding § 1442(a)(1) removal proper where the complaint "specifically identifie[d] Smith as a [designated

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 6

1  manufacturing inspection representative ("DMIR")], specifically allege[d] that he
2  exercised his official authority as a DMIR in signing the export certificate when
3  the engine was not airworthy, and specifically aver[red] that that was a proximate
4  cause of the crash"). Thus, the second requirement for federal officer removal has
5  not been satisfied because there is no causal connection between Plaintiff's claims
6  and an action taken pursuant to Lycoming's federally-delegated authority.

7  　　　　Finally, Plaintiff argues that Lycoming lacks a colorable federal defense.
8  The Court agrees. As noted above, the only claims against Lycoming are state law
9  negligence and products liability claims. Contrary to Lycoming's assertions,
10 compliance with its obligations under federal law is not a colorable defense to
11 these claims. Once again, Plaintiff's theories of liability do not depend upon
12 Lycoming's status as an ODA holder; the duties Lycoming is alleged to have
13 violated arise exclusively under state law. This case is therefore unlike *Magnin*, in
14 which the defendant was sued in his capacity as a "designated manufacturing
15 inspection representative" for negligently issuing an airworthiness certificate
16 pursuant to his federally-delegated authority. 91 F.3d at 1428-29. Had Lycoming
17 been accused of acting improperly *in its capacity as an ODA holder*, compliance
18 with its duties under 14 C.F.R. § 183.63 and other FAA directives would constitute
19 a colorable federal defense. *Id.* As it stands, however, Lycoming is accused of
20 violating its duties as a manufacturer under Washington negligence and products

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 7

liability laws.  To whatever extent FAA regulations may have imposed similar duties with respect to monitoring airworthiness and warning of unsafe conditions, Lycoming's satisfaction of those duties is not a colorable defense to Plaintiff's state law claims.  Because Lycoming has failed to satisfy the second and third requirements for federal officer removal under § 1442(a)(1), the case will be remanded to the Spokane County Superior Court for further proceedings.

**IT IS HEREBY ORDERED:**

Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**.  This case is hereby **REMANDED** to the Spokane County Superior Court for all further proceedings.

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, mail a certified copy to the Clerk of the Spokane County Superior Court, and **CLOSE** the file.

**DATED** October 17, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 8